IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JILL and JOHN C. ROGERS, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-00363 |
| | § | (JURY) |
| STATE FARM FIRE LLOYDS, | § | |
| | § | |
| *Defendant,* | § | |

---

## PLAINTIFFS' ORIGINAL COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Jill and John C. Rogers ("Plaintiffs"), and file Plaintiffs' Original Complaint, complaining of State Farm Fire Lloyds("State Farm") (or "Defendant") and for cause of action, Plaintiffs respectfully show the following:

### PARTIES

1.    Plaintiffs, Jill and John C. Rogers, reside in Montgomery County, Texas.

2.    Defendant, State Farm Fire Lloyds, is a foreign insurance company engaged in the business of insurance in the State of Texas.  Plaintiffs request service of citation upon State Farm through its registered agent for service listed with the Texas Department of Insurance**: Corporation Service Company, 211 E 7th Street, Suite 620, Austin Texas 78701-3218, or wherever they may be found**.  Plaintiffs request service at this time.

### JURISDICTION AND VENUE

3.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2201 and 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between the parties and the amount in

controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

4.      Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district, and/or a substantial part of property that is the subject of the action is situated here.

5.      This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Texas and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Texas based entities and consumers.

## FACTS

6.      Plaintiffs assert claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.      Plaintiffs owned a State Farm insurance policy, number 53-C6-0769-6 ("the Policy").  At all relevant times, Plaintiffs own the insured premises located at 23 Firefall Court, The Woodlands, Texas 77380 ("the Property").

8.      State Farm or its agent sold the Policy, insuring the Property, to Plaintiffs.  State Farm represented to Plaintiffs that the Policy wind and hailstorm coverage.

9.      On or about May 24, 2020, the Property sustained extensive damage resulting from a severe storm that passed through the The Woodlands, Texas area. Weather data from the National Oceanic and Atmospheric Administration from the date of loss indicates hail 1" in diameter or larger in the immediate area near the Property.

10.     In the aftermath of the storm, Plaintiffs submitted a Claim to State Farm against the Policy

for damage to the Property.  State Farm assigned claim number 53-14Q6-98L to Plaintiffs'

claim (the "Claim").

11.     Plaintiffs asked State Farm to cover the cost of damage to the Property pursuant to the

Policy.

12.     State Farm hired or assigned its agent, Allen Robertson ("Robertson"), to inspect and adjust

the claim.  Robertson conducted an inspection on or about March 25, 2021, according to

the information containted in his estimate. Robertson's findings generated an estimate of

damages totaling $758.83.  After application of depreciation and the applicable $13,302.00

deductible, Plaintiffs were left with no funds to make repairs on the entirety of the Claim.

13.     State Farm either failed to conduct appropriate research into weather events occurring at

the insureds' location or ignored weather information which showed that the location was

impacted by severe weather during the Policy period on or about the date of loss.

14.     State Farm, through its agent, Robertson, conducted a substandard and improper inspection

of the Property, which grossly undervalued the cost of repairs in its estimate and yielded

an unrealistic amount to underpay coverage.

15.     State Farm has ultimately refused full coverage which includes, but is not limited to,

replacement of the roof, vents, flashings, windows, window screens, fascia, gutters,

downspouts, and HVAC system. The third-party inspector hired to review the damage to

the Property found additional storm damage damage that was completely absent from

Robertson's estimate.

16.     The damage to Plaintiffs' Property is currently estimated at $84,417.08.

17.    Robertson had a vested interest in undervaluing the claims assigned to them by State Farm in order to maintain their employment. The disparity in the number of damaged items in their report compared to the report from the third-party inspector, as well as the difference in valuation of individual items, is evidence of unfair claims handling practices on the part of Robertson, and by extension State Farm.

18.    Furthermore, Robertson was aware of Plaintiffs' deductible prior to inspecting the Property.  Robertson had advanced knowledge of the damages he needed to document in order to be able to deny the Claim.

19.    Robertson misrepresented the actual amount of damage Plaintiffs' Property sustained in addition to how much it would cost to repair the damage. Robertson made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

20.    After reviewing Plaintiffs' Policy, Robertson misrepresented that the damage was caused by non-covered perils. Robertson used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy.

21.    As stated above, State Farm, through Robertson, improperly and unreasonably adjusted Plaintiffs' Claim.  Without limitation, State Farm, through Robertson, misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' Claim or loss under the Policy.

22.    State Farm, through Robertson, made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. State Farm, through Robertson, made these false representations with the intent that

Plaintiffs acts in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Robertson.

23.    Plaintiffs relied on State Farm's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations.

24.    Upon receipt of the inspection and estimate reports from Robertson, State Farm failed to assess the Claim thoroughly.  Based upon Robertson's grossly unreasonable, intentional, and reckless failure to investigate the Claim properly prior to underpaying coverage, State Farm failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

25.    Because State Farm failed to provide coverage for Plaintiffs' insurance Claim, Plaintiffs has been unable to complete any substantive repairs to the Property.  This has caused additional damage to Plaintiffs' Property.

26.    Furthermore, State Farm and Robertson failed to perform their contractual duties to Plaintiffs under the terms of the Policy. Specifically, Robertson performed an unreasonable and substandard inspection that allowed State Farm to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

27.    State Farm's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the

insurance contract between Defendant and Plaintiffs.

28.     State Farm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).  State Farm has failed to settle Plaintiffs' Claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Specifically, State Farm has failed to, in an honest and fair manner, balance its own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

29.     State Farm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).  State Farm has failed to provide Plaintiffs a reasonable explanation for underpayment of the Claim.

30.     Additionally, after State Farm received statutory demand on or about June 21, 2021, State Farm has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' Claim properly.

31.     State Farm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).  Robertson performed a biased and intentionally substandard inspection designed to allow State Farm to refuse to provide full coverage to Plaintiffs under the Policy.

32.     Specifically, State Farm performed an outcome-oriented investigation of Plaintiffs' Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

33.     State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment

of Claim.  TEX. INS. CODE §542.055.  Due to Robertson's subpar inspection, State Farm failed to reasonably accept or deny Plaintiffs' full and entire Claim within the statutorily mandated time after receiving all necessary information.

34.    State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Due to Robertson's intentional undervaluation of Plaintiffs' Claim, State Farm failed to meet its obligations under the Texas Insurance Code regarding timely payment of the Claim.  Specifically, Robertson's understatement of the damage to the Property caused State Farm to delay full payment of Plaintiffs' Claim longer than allowed, and Plaintiffs have not received rightful payment for Plaintiffs' Claim.

35.    State Farm's wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT

## BREACH OF CONTRACT

36.    All allegations and facts stated above are incorporated herein.

37.    State Farm is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between State Farm and Plaintiffs.

38.    State Farm's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiffs.

### NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

39.  All allegations above are incorporated herein.

40.  State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

41.  State Farm's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

42.  State Farm's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the Claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

43.  State Farm's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the Claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

44.  State Farm's unfair settlement practice of refusing to pay Plaintiffs' full Claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

45.   All allegations and facts stated above are incorporated herein.

46.   State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

47.   State Farm's delay in paying Plaintiffs' Claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the Claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

48.   All allegations and facts stated above are incorporated herein.

49.   State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

50.   State Farm's failure to adequately and reasonably investigate and evaluate Plaintiffs' Claim, even though State Farm knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

51.   All allegations and facts stated above are incorporated herein.

52.   State Farm's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods and services provided by State Farm pursuant to the DTPA.  Plaintiffs have met

all conditions precedent to bring this cause of action against State Farm.  Specifically, State

Farm's violations of the DTPA include, without limitation, the following matters:

A.    By its acts, omissions, failures, and conduct, State Farm have violated sections

17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  State Farm's violations

include: (1) unreasonable delays in the investigation, adjustment, and resolution of

Plaintiffs' Claim; (2) failure to give Plaintiffs the benefit of the doubt; and (3)

failure to pay for the proper repair of Plaintiffs' property when liability has become

reasonably clear, which gives Plaintiffs the right to recover under section

17.46(b)(2).

B.    State Farm represented to Plaintiffs that the Policy and State Farm's adjusting agent

and investigative services had characteristics or benefits they did not possess, which

gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.    State Farm represented to Plaintiffs that State Farm's Policy and adjusting services

were of a particular standard, quality, or grade when they were of another, in

violation of section 17.46(b)(7) of the DTPA.

D.    State Farm advertised the Policy and adjusting services with the intent not to sell

them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    State Farm breached an express warranty that the damages caused by wind and hail

would be covered under the Policy.  This breach entitles Plaintiffs to recover under

sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.    State Farm's actions are unconscionable in that State Farm took advantage of

Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.

State Farm's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

G.      State Farm's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

53.     Each of the above-described acts, omissions, and failures of State Farm is a producing cause of Plaintiffs' damages.  All of State Farm's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

54.     Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

55.     Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

56.     The damages caused to the Property have not been properly addressed or repaired since the Claim was made, causing further damage to the Property, and undue hardship and burden

to Plaintiffs.  These damages are a direct result of Defendant's mishandling of Plaintiffs' claims in violation of the laws set forth above.

57.   Plaintiffs currently estimate that actual damages to the Property under the Policy are $84,417.08.

58.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.  The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred.

59.   For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their Claim, consequential damages, together with attorney's fees.

60.   For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times their actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b)(1).

61.   For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claims, plus a statutory interest penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

62.   For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of

duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount State Farm owed, exemplary damages, and damages for emotional distress.

63.    Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

64.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

65.    Plaintiffs hereby request a jury trial for all causes of action alleged herein.

## PRAYER

Plaintiffs Jill and John C. Rogers pray that Defendant State Farm Lloyds be cited and served to appear and that upon trial hereof Plaintiffs recover from Defendant such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as

to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show they are so justly entitled.

Dated: February 2, 2022

Respectfully submitted,

By: /s/ *Chad T. Wilson*
　　Chad T. Wilson
　　Bar No. 24079587
　　Donald C. Green II
　　Bar No. 24086619
　　Chad T. Wilson Law Firm PLLC
　　455 E Medical Center Blvd, Ste 555
　　Webster, Texas 77598
　　Telephone: (832) 415-1432
　　cwilson@cwilsonlaw.com
　　dgreen@cwilsonlaw.com

　　ATTORNEYS FOR PLAINTIFFS